## Hill v. Hill

*Daniel L. Quinlan, Jr.,* and *Emidio J. Mattei,* for plaintiff.

No appearance for defendant.

KNIGHT, P. J., September 7, 1956.—This record presents three questions, none of which is free from doubt.

The alleged causes for divorce are desertion and indignities to the person. The master recommends a decree on both grounds.

The record discloses that defendant was a minor when the proceeding was instituted and that he has never had a guardian appointed to represent his interests. Although ruled to file an answer, he was incapable of filing one.

Defendant became of age shortly prior to the hearing before the master and the master was of the opinion that this cured the defect in the original pleadings. He cites Shoff v. Shoff, 46 D. & C. 314, in support of his opinion. We have examined this case and find that it was plaintiff therein who was the minor. It seems to us that the fact that in the instant case it was defendant who was the minor would make a difference.

The second question raised by the record goes to the cause of desertion. The master recommends a decree on this ground although counsel for plaintiff do not seem to press this reason for a decree.

The record shows that about 18 months after the alleged desertion, plaintiff went to Bethlehem to meet defendant; the purpose of her visit was to attempt a reconciliation. She spent two days with defendant in defendant's father's house, the father was there during all the time and the record is silent as to whether the parties cohabitated. Did this short period of living under the same roof with defendant toll the running

of the two-year period? We are inclined to the opinion that plaintiff has made out a case of desertion.

The last question raised by the record is whether plaintiff has made out a case of indignities to the person. This was a forced marriage and defendant informed plaintiff after the ceremony that he did not intend to live with her and he has not lived with her since the ceremony. The only indignity complained of is this persistent refusal of defendant to establish a home and live with his wife. Indignities to the person as a cause for divorce is not a substitute for desertion. We have examined all of the cases cited by the master and counsel for plaintiff and not one of them holds that a refusal to establish a home and live with one's spouse standing alone constitutes such an indignity to the person as to warrant a decree in divorce. This opinion represents only the views of the writer. In order to give counsel an opportunity to demonstrate the legality and justice of his client's cause, the case will be ordered on the argument list.

And now, September 7, 1956, the case is ordered on the argument list.

KNIGHT, P. J., January 16, 1957.—The record in this case discloses that:

1. Defendant was a minor at the time the action was instituted and the complaint served upon him.

2. Plaintiff spent two nights under the same roof as defendant within the desertion period.

3. The indignity complained of was defendant's persistent refusal to live with plaintiff and support his wife and child.

The master recommended a decree on the two grounds of desertion and indignities to the person.

The judge who examined the report felt that some consideration should be given to the questions raised by the record. He accordingly ordered the case on the argument list and it was argued before the court en

banc. Since the argument we have given considerable thought to the questions presented by the record, and helped by an excellent brief filed by counsel for plaintiff, we have arrived at the conclusion that plaintiff is entitled to a decree on the ground of desertion but not on the ground of indignities to the person.

Due to the press of business, we have not had the time to state our reasons for reaching the above conclusion, but we deem it unfair to compel plaintiff to wait longer for a decision so we are signing the decree and will later file an opinion giving our reasons for signing the same.

The most important question is whether the two-year desertion period was tolled by plaintiff spending two nights in the same house with defendant.

There seems to be no appellate court authority and very little trial court authority in Pennsylvania on this phase of the case. In order that we may prepare an opinion that may be of some assistance to the profession in Pennsylvania, we are reserving the right to file such an opinion.